Laudis FREEMAN *v.* THE MORRILTON WATER
COMPANY and Bill ROPER

81-167                                          625 S.W. 2d 492

Supreme Court of Arkansas
Opinion delivered December 21, 1981

*Felver A. Rowell, Jr.,* for appellant.

*Nathan Gordon,* for appellees.

RICHARD B. ADKISSON, Chief Justice. A jury awarded appellant, Laudis Freeman, $70,000 in damages against appellees for an assault which had occurred on December 10, 1976. The trial court granted appellee's motion for a new trial, setting aside the verdict and judgment on the grounds

that the award of damages was excessive. The granting of this motion is now appealed. We affirm.

The evidence on which the jury based its award can be summarized as follows:

Appellant is a 52-year-old barber who has had back trouble since age 18. He has been hospitalized for back problems five times between 1969 and 1975, and has had surgery on his back. After the assault he had more trouble with his back and legs, so he went to the doctor who had treated his back previously. This doctor found a general worsening of his low back condition, but stated this was not based upon specific findings from his examination but was based on what appellant told him. However, X-rays revealed that appellant had a compression fracture at the lumbar one level which was not there in 1975. The doctor stated that this could be attributed to the fight. The doctor found a ten percent worsening of appellant's condition from 1975 to 1977 and stated that there would have been degenerative changes even if there had not been a fight. He was pessimistic about appellant's ability to continue working as a barber.

Appellant testified that he had not been able to work as a barber since the fight, and that in 1976 he earned $2,932.15 as a barber, and in 1977 only $317.78. He had $476.50 in medical bills because of the fight. He takes muscle relaxers and other medication to ease the pain in his back and spends most of his time in his recliner. He can no longer hunt or fish and must hire someone to repair his rental property. He was emotionally upset about the fight, and "broke down and cried" about it, according to one of his friends.

The jury was instructed to reasonably and fairly compensate appellant for any of the following elements of damage found to be proximately caused by the appellee:

First, the nature, extent, and duration of any injury and whether it is temporary or permanent.

Second, the reasonable expense of any necessary medi-

cal care, treatment, and services received.

Third, any pain and suffering and mental anguish experienced in the past.

Fourth, the value of any earnings lost.

Our cases have held that the granting of a new trial addresses itself to the sound discretion of the trial court, and this Court will not reverse a trial judge's granting of a new trial unless it appears that he has abused his discretion. *Heil* v. *Roe*, 253 Ark. 139, 484 S.W. 2d 889 (1972). This is because the trial judge's opportunities for passing upon the weight of the evidence are far superior to those of this Court. Abuse of discretion in granting a new trial means a discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. *Blackwood* v. *Eads*, 98 Ark. 304, 135 S.W. 922 (1911). Under the circumstances of this case we are unable to say that the trial judge exercised his discretion improvidently by the granting of a new trial.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The trial court found the damages assessed by the jury were excessive. Instead of reducing the award, the court set aside the entire award. The evidence supported damages in some amount. I would return the case to the trial court for the purpose of determining a proper award.

The law of the case will prevail on retrial. Therefore, I suppose the only matter to be determined will be the amount of damages. The appellant has prevailed on the issue of liability and should not be denied his damages. We found no reversible error, and the trial court found only excessive damages.

I would remand for determination of damages only.