Alphonso CLAYTON *v.* C. G. WAGNON

82-28 . 633 S.W.2d 19

Supreme Court of Arkansas
Opinion delivered May 17, 1982

*Laser, Sharp & Huckabay, P.A.,* for appellant.

*Brown, Compton & Prewett,* by: *Floyd M. Thomas, Jr.,* for appellee.

RICHARD B. ADKISSON, Chief Justice. The Union County Circuit Court granted a motion by appellee, Wagnon, for a

new trial after finding that the jury verdict for appellant, Clayton, was contrary to the preponderance of the evidence. On appeal, we affirm.

On the evening of April 17, 1980, appellee's daughter, who was driving an MG, and appellant, who was driving a Mercury Marquis, collided at a four-way stop intersection in El Dorado. Wagnon was attempting to make a left turn when the accident occurred.

Wagnon testified that she stopped at the intersection and put on her turn signal; she saw the headlights of a car coming toward her, but since it was not very close and since she knew that the car would have to stop at the intersection, she proceeded into the intersection. She further testified that after the collision appellant admitted to her that he ran the stop sign and told her his brakes had failed.

A witness who was in a car behind Wagnon at the time of the accident testified that the MG stopped at the stop sign but that the other vehicle did not. This witness also stated that after the accident she heard appellant tell Wagnon he was sorry and that he tried his brakes but they did not work. Two other witnesses who came to the scene of the accident immediately after the collision also testified that appellant said his brakes had failed.

Appellant testified that he pulled up to the intersection and stopped. He stated that as he proceeded through the intersection, going no more than ten or 12 miles per hour, Wagnon turned left and they collided. He stated that nothing was wrong with his car, that the brakes were as good as new and that he did not tell anyone that his brakes had failed.

The policeman who investigated the accident testified that appellant said nothing to him about his brakes failing or about any other malfunction of his vehicle. He also testified that to his knowledge there were no eyewitnesses to the accident other than the drivers.

The trial judge, in acting on a motion for a new trial

challenging the sufficiency of the evidence, is required by ARCP Rule 59 (a) (6), Ark. Stat. Ann., Vol. 3A (Repl. 1979) to set aside the jury verdict if it is against the preponderance of the evidence. However, we are amending this rule, prospectively, by per curiam order of this date to set out the more stringent rule which favors the jury verdict unless it is found to be clearly against the preponderance of the evidence. We adopt the view that the trial court has some discretion in setting aside a jury verdict, but not the broad discretion that has been heretofore recognized. The trial court is not to substitute its view of the evidence for that of the jury's.

The trial court is vested with discretion in acting on such a motion because the trial judge's opportunities for passing upon the weight of the evidence are superior to those of this Court. On appeal, the trial court will not be reversed absent an abuse of discretion. Abuse of discretion in granting a new trial means a discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. *Freeman* v. *Morrilton Water Co.*, 274 Ark. 419, 625 S.W.2d 492 (1981). After considering the evidence in this case, we are unable to say, under our current Rule 59 (a) (6), that the trial judge exercised his discretion improvidently by granting a new trial.

Affirmed.