ARKANSAS POWER & LIGHT COMPANY *v.*
R. L. ADCOCK and Marilyn ADCOCK
ARKANSAS POWER & LIGHT COMPANY *v.*
Lloyd ADCOCK and Helen ADCOCK

83-172                                    661 S.W.2d 392

Supreme Court of Arkansas
Opinion delivered December 19, 1983

*Janan E. Kemp,* for appellant.

*Charles Yeargan,* for appellees, R. L. and Marilyn Adcock.

*Mark P. Clark,* P.A., by: *Mark P. Clark,* for appellees, Lloyd and Helen Adcock.

RICHARD B. ADKISSON, Chief Justice. By jury verdict submitted upon interrogatories, appellant, Arkansas Power & Light Co. was found to have willfully, and without honest belief in its right to do so, cut timber on the land of the appellees. The jury found appellees, R. L. Adcock and Marilyn Adcock, sustained damage in the amount of $1,510.43, and appellees, Lloyd Adcock and Helen Adcock, sustained damge in the amount of $2,238.80 which the trial court then trebeled pursuant to Ark. Stat. Ann. § 50-105 (Repl. 1971). The only question on appeal is whether the trial court erred in the denial of appellant's motion for judgment notwithstanding the verdict. See Rule 50, ARCP.

On appeal we will uphold the decision of the trial court denying a motion for judgment n.o.v. if there is any substantial evidence to support the jury's verdict. *Clayton* v. *Wagnon,* 276 Ark. 124, 126, 633 S.W.2d 19, 21 (1982).

Appellant was granted a right of way "together with the right to cut [danger] trees outside of said right-of-way whose height plus 12 feet 6 inches exceeds the horizontal distance from the butt of the tree to the centerline of the [AP&L] right-of-way. . . ." Appellant contends that it only cut "danger trees". In responses to interrogatories, the jury found appellant had indeed cut trees which were not "danger trees." A forester employed by appellee testified:

> I walked out there and I found the stump and I matched stump up with the tops. The tops were never moved . . . I put a nail in the stump on the closest edge closest to the top. I took a tape and then I measured from there to

the very, I mean, to the very tip top of that top. All right, then I measured from the same point on that top, on that stump, I went all of the way out to the middle of the right-of-way and measured out there. I added twelve feet six inches on to the length from the top . . . I didn't find none that were long enough to hit the middle of the right-of-way. They cut some and dropped them right towards it and didn't even reach the first line.

Another forester testified that based on his observation of the stump diameters from comparable trees on the site, he did not think any of the trees cut were "danger trees."

We conclude that there was substantial evidence to support the jury's verdict and that the trial court did not err in denying appellant's motion for judgment n.o.v.

Affirmed.