Mary E. BROWN *v.* Evelyn Darlene WILSON

84-67                                                              669 S.W.2d 6

Supreme Court of Arkansas
Opinion delivered May 21, 1984

*Little, McCollum, Mixon & George,* by: *James G. Mixon,* for appellant.

*Matthews, Campbell & Stephens,* by: *John M. Stephens,* for appellee.

DARRELL HICKMAN, Justice. After the jury returned a verdict for the defendant in this negligence case where fault was admitted, the trial judge set aside the verdict and ordered a new trial. On appeal the defendant argues that the judge abused his discretion. When a trial judge grants a motion for a new trial, the test on review is whether the judge abused his discretion. *Clayton* v. *Wagnon,* 276 Ark. 124, 633 S.W.2d 19 (1982). We find no such abuse and affirm the court's decision.

Mary E. Brown admitted that her vehicle struck the rear of the vehicle driven by Evelyn D. Wilson, when Wilson's vehicle was stopped. Wilson offered substantial evidence of her subsequent pain and suffering, injury, lost wages, and medical expenses. While Brown offered evidence that Wilson said she was not hurt immediately following the accident and questioned the cause of Wilson's later complaints, that is not enough for us to overrule the trial judge's decision that the jury was wrong in its verdict. That is one of the prerogatives of a trial court, and is exercised when the verdict is clearly against the preponderance of the evidence. See *Per Curiam* of May 17, 1982.

The appellant argues that the trial court's order reciting the jury's decision of no "liability" was against the preponderance of the evidence was error because it failed to consider that the jury's finding could have been based of a lack of proof of causation or damages. We cannot presume that the court's judgment did not encompass those issues. Review the evidence and the judgment we find no manifest abuse of discretion.

Affirmed.