Harold WILSON, et al. *v.* William Frank KOBERA, et ux.

87-338                                              748 S.W.2d 30

Supreme Court of Arkansas
Opinion delivered April 11, 1988

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.*, by: *Leonard L. Scott*, and *Frank S. Hamlin*, for appellants.

*Phil Stratton and Casey Jones, Ltd.*; and *Lazer, Sharp and Mayes, P.A.*, for appellee.

ROBERT H. DUDLEY, Justice. The jury found that appellants were not guilty of negligence which proximately caused the car wreck at issue in this case. Later, the trial judge ruled that the jury's finding was clearly against the preponderance of the evidence and granted a new trial. We reverse.

Blainey Hill Road in Conway runs east and west, and on January 22, 1985, between 6:30 and 6:45 a.m., the lane going east was partially covered with a thin glaze of ice. At that time, Patsy Hurley was traveling in an easterly direction on the road, attempted to stop, and hit some of the ice. The car she was driving started to skid. It ultimately came to rest in a position diagonal to the road with the front end in a ditch on the south side of the road and the rear end blocking approximately one-half of the east-bond lane. (The shoulder of the road was very narrow.) Miss

Hurley could not get her car out of the ditch. After making some telephone calls for help at a nearby residence, she returned to her car, and waited inside the warm car. Her headlights, taillights, and dome light were all on.

Soon thereafter, appellant Wilson, driving west at about 15 miles per hour in a truck owned by appellant Virco Manufacturing Company, passed the Hurley car. He saw a woman sitting motionless in the wrecked car and stopped his truck to offer assistance. At that point the shoulder of the road is so narrow that he was only able to get his right wheels off the westbound lane of traffic, leaving his truck partially on the road. His headlights were on, although there was conflicting testimony about whether they were on bright or dim. The testimony placed his truck to the west of the car driven by Miss Hurley, with the distance between the rear of his truck and the back of Miss Hurley's car as close as a car length to a length-and-a-half, and as far away as fifty to seventy-five feet. One disinterested witness testified that he did not leave "enough room to go around," while another disinterested witness testified that "there was enough room you could have driven a tractor-trailer rig, you know, between them. There was plenty of room between them." Appellant Wilson saw a car approaching from the west and waited in the truck for the car to pass.

Appellee William Frank Kobera was driving that eastbound car, a Chevrolet Chevette, which was 13 feet in length. He testified that he came over a ridge and clearly saw the truck headlights from a distance of about 800 feet. He testified that the headlights were probably on bright, at least he was blinded by them. He further testified that he was going about 30 miles per hour and that he started applying his brakes about two car lengths before he got to the parked truck. He testified that he then skidded into Miss Hurley's car. A part of his direct testimony is as follows:

Q. Did you get your foot on the brake hard enough to feel whether they caught—

A. Yes.

Q. —when you were sliding on ice? Do you see what I'm asking you?

A. Yes, I—I—it seemed like they caught.

Q. Did you get the sensation that you were just skimming over that ice?

A. Yes.

Appellant Wilson testified that 15 to 20 miles per hour was the maximum safe speed with ice on the road, and a State Policeman testified that the stopping distance, including reaction time, for a car traveling 30 miles per hour on a clean road is 80 feet.

The amount of daylight was in dispute. It ranged from "being dark" to just "breaking daylight."

Appellee Kobera testified that if the truck had not been in the way he could have gone around Miss Hurley's car.

Various interrogatories were submitted to the jury, one of them being, "Do you find from a preponderance of the evidence that Harold Wilson/Virco was guilty of negligence which was a proximate cause of the occurrence?" The jury answered "no." Obviously, the jury could have found either (1) that appellant Wilson was not guilty of negligence, or (2) that such negligence was not the proximate cause of the collision. Appellee Kobera filed a motion for a new trial. The trial court granted the new trial stating "it is this Court's opinion that Harold Wilson/Virco was guilty of negligence and was the proximate cause of the accident complained of herein because Harold Wilson parked the Virco truck illegally on the highway in such a position in relation to the disabled vehicle driven by Ms. Hurley, whose vehicle was out into the lane in which the plaintiff [appellee] was traveling, that he effectively created a blockade of the entire roadway."

In 1982, we amended ARCP Rule 59(a)(6) to state that a trial judge could set aside a jury verdict only when it is "clearly contrary to the preponderance of the evidence. . . ." *Clayton* v. *Wagnon*, 276 Ark. 124, 633 S.W.2d 19 (1982). The trial judge cannot substitute his view of the evidence for that of the jury. *Bryant* v. *Sorrells*, 293 Ark. 276, 737 S.W.2d 450 (1987). If the trial judge denies the motion for a new trial, we will affirm if there is any substantial evidence to support the verdict. If he grants the motion for a new trial, we will affirm if he did not abuse his discretion in finding that the verdict was clearly against the preponderance of the evidence. *Brown* v. *Wilson*, 282 Ark.

450, 669 S.W.2d 6 (1984). Here, the trial judge abused his discretion because the verdict was not clearly against the preponderance of the evidence.

■ The trial judge ruled that the appellants were guilty of negligence because their truck was parked illegally on the highway in such a position that it "effectively created a blockade of the entire roadway." The appellant argues that the ruling is erroneous because the jury might have found that appellant Wilson did not violate Ark. Code Ann. § 27-51-1303 (1987), and might have found that he parked the truck 75 feet west of Miss Hurley's car, which left sufficient room to proceed. However, we need not pass upon the ruling on negligence because the ruling on proximate cause was certainly an abuse of discretion. The jury may well have found that the proximate cause of the collision was the appellee's speed of 30 miles per hour on a road glazed with ice. There was substantial evidence to that effect. There was testimony that the stopping distance, including reaction time, on a clean road is 80 feet, and there was testimony that one should not have driven on this road with ice at any more than 15 miles per hour. The appellee testified that he applied his brakes about two car lengths, or about 20 feet, before he reached the parked truck and began skidding on the ice. The jury had substantial evidence by which it could have found that the truck was as far as 75 feet from Miss Hurley's car and that, at the speed of 30 miles per hour, appellee simply skidded on the ice into the Hurley car, and that the position of appellant's truck was not the proximate cause of the wreck. Therefore, the trial judge abused his discretion in setting aside the jury verdict as being clearly contrary to the preponderance of the evidence.

Reversed and remanded for entry of an order consistent with this opinion.

HAYS and GLAZE, JJ., dissent.

STEELE HAYS, Justice, dissenting. The trial court heard the testimony in this rather unusual case and concluded that the verdict was clearly against the preponderance of the evidence. In his judgment a new trial was warranted and as I cannot say his discretion was abused, I would affirm.

GLAZE, J., joins this dissent.