Chris PENNY, Bill Penny and Martha Penny *v.* Dana PHILLIPS, a Minor, By Her Next Friend, Jimmy Phillips

89-2 769 S.W.2d 4

Supreme Court of Arkansas
Opinion delivered May 1, 1989

*Laser, Sharp, Mayes, Wilson, Bufford & Waters, P.A.,* by: *Brian Allen Brown,* for appellants.

*Gibson & Hashem,* by: *Hani W. Hashem,* for appellee.

STEELE HAYS, Justice. Following a verdict for the defendants in a personal injury suit, the trial court set the verdict aside and ordered a new trial. The defendants have appealed. Finding no abuse of discretion, we affirm.

Jimmy Phillips filed this suit on behalf of his daughter, Dana

Phillips, a minor. The defendants, who are now the appellants, are Chris Penny and his parents, Bill and Martha Penny.

On the night of October 24, 1986, Chris was driving a family vehicle with Dana riding as a passenger. The vehicle, a pickup truck, left the highway at a curve on Ridgeway Road in Pine Bluff and struck a tree, injuring both Chris and Dana. Evidently Dana's injuries were more severe. The complaint alleges negligence by Chris Penny and negligent entrustment by Bill and Martha Penny, who also signed the driver's license application of Chris Penny.

The testimony at trial is readily summarized: Mrs. Nancy Black witnessed the incident which happened about 10:00 p.m. She described the curve as "extremely sharp" and "real bad," that twenty miles per hour would be fast coming around that curve. She saw the truck go off the road and into a ditch. She wasn't sure if Chris Penny was hurt but she could hear Dana Phillips moaning. The ambulance, she said, arrived in five or ten minutes.

A police officer testified that the truck left the highway on the right, where the grass was wet and muddy, came back onto the highway and straight across the roadway and down into a ditch, striking a tree head-on. He said both driver and passenger were hurt. Chris Penny told him he did not see the curve until he entered it, that he left the road on the right shoulder, panicked, and the next thing he remembered was sitting on the tailgate of the truck after the accident.

Chris Penny testified that he and Dana were on a date. He said they had not been drinking, and that it had not been raining but the roads were wet. He said he wasn't speeding but Dana "told me to slow down anyway," which he did. "Then there was this street which cuts off the road. I got confused and went off the road onto the wet grass. There is a tree standing there, I swerved to avoid it and went off the opposite side of the road and down into the ditch." He said his lights were on, but not on bright, adding, "I might have seen the curve better had I had the bright lights on." He said Dana had nothing to do with the accident, but they might have been talking.

Dana Phillips testified that they were driving at a moderate

speed, probably 25-30 miles per hour, that Chris didn't realize the curve was there, went off on the right, tried to gain control and then went off to the left side into the ditch. The balance of her testimony related to her injuries.

After the jury returned its verdict, 11 to 1 for the defendants, the plaintiff moved for a new trial or for a judgment n.o.v. The trial court ruled that the verdict was clearly contrary to the preponderance of the evidence and granted a new trial pursuant to ARCP Rule 59(a)(6).

 While we have said that a trial court may not substitute its view of the evidence for that of the jury, *Brant* v. *Sorrells*, 293 Ark. 276, 737 S.W.2d 450 (1987), that does not imply that he or she is without discretion in determining whether to grant a new trial. Clearly the trial courts have that authority under ARCP Rule 59(a)(6), providing that a new trial may be granted when the verdict is clearly against the preponderance of the evidence. Cases interpreting the rule are plentiful, e.g., *Wilson* v. *Kobera*, 295 Ark. 201, 748 S.W.2d 30 (1988); *Stephens and Morten* v. *Saunders*, 293 Ark. 279, 737 S.W.2d 626 (1987); *Brown* v. *Wilson*, 282 Ark. 450, 669 S.W.2d 6 (1984); *Clayton* v. *Wagnon*, 276 Ark. 124, 633 S.W.2d 19 (1982). The broad discretion that once existed was narrowed somewhat by the 1982 amendment to Rule 59(a)(6), which inserted the word "clearly," *see Clayton* v. *Wagnon, supra,* but the decision is still an exercise of discretion and will not be disturbed on appeal unless discretion has been abused. *Peoples Bank & Trust Co.* v. *Wallace*, 290 Ark. 589, 721 S.W.2d 659 (1986). Moreover, where the trial court has ordered a new trial, it is more difficult to establish an abuse of discretion than when a new trial is denied. *Adams* v. *Parker*, 289 Ark. 1, 708 S.W.2d 617 (1986).

 Having examined the evidence carefully, we conclude that the appellants have failed to show that the trial court's discretion was abused. In addition to having heard the testimony in its entirety, the trial court had the benefit of photographs and a diagram of the accident scene which are not in the abstract. There is no contention that Dana Phillips was in any manner at fault and the testimony of Chris Penny, however one may choose to interpret it, points unerringly to a failure to maintain a proper lookout or a failure to maintain proper control over his vehicle as

proximate causes of the collision.

Finding no abuse of discretion, we affirm.

GLAZE, J., not participating.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority opinion recognizes the applicable law in this case but reaches the wrong decision. The evidence set out in the opinion is sufficient to clearly establish that the facts were fairly evenly divided, thereby presenting a jury question. The driver, Chris Penny, was not speeding, drinking, or otherwise violating the rules of road or any ordinance or statute.

It seems to me that the trial court substituted its judgment for that of the jury. The majority opinion relies upon *Brant* v. *Sorrells*, 293 Ark. 276, 737 S.W.2d 450 (1987), recognizing that a trial court may not substitute its view of the evidence for that of the jury.

The majority has, at the very least, reverted to the rule as it existed prior to the decision in *Clayton* v. *Wagnon*, 276 Ark. 124, 633 S.W.2d 19 (1982), and the 1982 amendment to ARCP Rule 59(a)(6).

I would affirm the verdict rendered by the jury.