Evelyn A. RICHARDSON *v.* Thomas W. FLANERY
and Bonnie Flanery

93-1015                                      871 S.W.2d 589

Supreme Court of Arkansas
Opinion delivered March 14, 1994

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles* and *Mel Sayes*, for appellant.

*Thomas & Smith*, by: *Hoyt Thomas*, for appellees.

JACK HOLT, JR., Chief Justice. The jury returned a verdict in this case favoring Mrs. Richardson, who was involved in an automobile accident with the Flanerys, and the trial court granted the Flanerys' motion for new trial. Under the circumstances, we hold

that the court did not abuse its discretion in setting the jury verdict aside.

On Christmas Day, 1991, the appellees, Thomas and Bonnie Flanery, and their granddaughter, were travelling south on Highway 167 outside of Batesville, Arkansas. As Mr. Flanery was driving, he noticed another car "quite a ways" away — probably some one hundred feet or so — approaching on Barnett, the feed-on-lane to the highway. According to Mr. Flanery, he did not need to slow down because he knew that the other car had a yield sign. According to appellant, Mrs. Evelyn Richardson, she did look, but when she did not see anyone coming, she proceeded forward. Mr. Flanery saw her at the last moment and went over the yellow line into the northbound turn lane to avoid her but without success. As a result, a collision occurred, and the Flanery vehicle landed in a ditch west of the highway. Mrs. Richardson's car came to rest facing south out in the intersection in the southbound lane.

A deputy sheriff of Independence County, J. W. Wamack, who arrived at the scene of the accident soon after the wreck, stated that he thought Mrs. Richardson was heading down Barnett shortly before the accident. Deputy Wamack questioned the parties as to their injuries. Mr. Flanery was limping, and Mrs. Flanery complained of her shoulder. Deputy Wamack offered to call them an ambulance, but they said that they could drive themselves to the hospital, which they did.

The Flanerys filed suit against Mrs. Richardson, claiming that her negligence caused the automobile accident and their injuries. As a result of the accident, Mr. Flanery allegedly sustained multiple bruises, contusions and abrasions, severe strain and sprain to his neck, back, right shoulder and right elbow, a tear in his right knee, medical expenses, lost wages and disability all totalling $75,000. Mrs. Flanery claimed that Mrs. Richardson's negligence caused her, among other injuries, cervical and lumbar sprain and strain which extended to the hip muscles, medical expenses, lost wages, and disability, resulting in damages totalling $50,000. Thereafter, Mr. Flanery amended their complaint to increase his request for damages to $110,000.

The jury returned a general verdict in favor of Mrs. Richard-

son. Thereafter, the Flanerys filed a motion for new trial. Citing Ark. R. Civ. P. 59(a)(6), they argued that the verdict was contrary to the preponderance of the evidence that Mrs. Richardson was negligent. The trial judge agreed, explaining:

> [T]he jury verdict in favor of the defendant was contrary to the testimony given at the trial by the plaintiffs and investigating officer, and while the defendant denied liability, her testimony indicated that the accident resulted from her negligence.

> That while there could be differing opinions as to the amount and type of damages suffered by the plaintiffs, it was unquestioned that there was damage of a substantial amount to the plaintiffs' vehicle that could and did corroborate the damages testified to by the plaintiffs.

Arkansas Rule of Civil Procedure 59(a)(6) provides: "A new trial may be granted to all or any of the parties on all or part of the issues on the application of the party aggrieved, for . . . the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law." Under this subdivision, the trial court has some discretion in the matter, but that discretion is limited, and it may not substitute its view of the evidence for the jury's except when the verdict is clearly against the preponderance of the evidence. *People's Bank & Trust Co.* v. *Wallace*, 290 Ark. 589, 721 S.W.2d 659 (1986); Ark. R. Civ. P. 59(a)(6).

The test we apply in reviewing the trial court's granting of the motion is whether the judge abused his or her discretion. *Razorback Cab* v. *Martin*, 313 Ark. 445, 856 S.W.2d 2 (1993). A showing of abuse of discretion is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Turrise* v. *Crane*, 303 Ark. 576, 798 S.W.2d 684 (1990). Also, we must not confuse this standard with that of our review of a trial court's granting of a judgment notwithstanding the verdict, which provides that a court may set aside the jury verdict if: (1) there is no substantial evidence to support the jury's verdict, and (2) the moving party is entitled to a judgment as a matter of law. *Dr. Pepper Bottling Co.* v. *Frantz*, 311 Ark. 136, 842 S.W.2d 37 (1992).

Applying Ark. R. Civ. P. 59(a)(6), we hold that the trial judge did not abuse his discretion in granting the Flanerys' motion for new trial and in finding that the verdict was clearly contrary to the preponderance of the evidence because the overwhelming weight of evidence was that Mrs. Richardson had negligently caused the auto accident. The only evidence tending to disprove the allegations of negligence against Mrs. Richardson is her own testimony regarding the cause of the accident. However, it is unrefuted that the Flanerys had the right-of-way when the accident occurred. Even Mrs. Richardson offered no explanation for how the accident occurred, other than to claim that the Flanerys struck her, rather than vice versa: "Yeah, I did not see. I slowed down. I looked. I did not see him. I mean, I didn't see their automobile, truck."

Although Mrs. Richardson claimed that the Flanerys struck her, the Flanerys and their granddaughter testified that Mrs. Richardson had struck them. Deputy Sheriff Wamack also explained that, "[T]he yield sign is there to protect vehicles from running into vehicles coming down as Flanery was doing. You have the right-of-way coming down through here, and any vehicle that runs up here and down does not observe the yield sign and goes out and hits a vehicle there in the line of traffic has violated the law."

As the trial judge recognized, there were also problems with the evidence which arose from the Flanerys attempt to prove their damages for personal injuries. For example, Mr. Flanery testified that he sustained injuries to his right knee, perhaps by hitting the gear shift during the collision. However, on the day of the accident, he did not tell the emergency room staff that his knee was bothering him. Further, when he visited his orthopedist, Dr. Thomas, in January 1992, he denied having back, hip or leg pain. It was not until March 1992, some three months after the car accident, that he complained about problems with his knee. Dr. Thomas' deposition was admitted into evidence, and in it, he explained that the problems with Mr. Flanery's knee are the "result of what I would perceive as a preexisting problem. It was more degenerative wear and tear as opposed to an acute rip in his knee or tear." He explained that other factors contributing to Mr. Flanery's condition are his age, weight, and occupation. However, Dr. Thomas explained that he had no reason to doubt Mr.

Flanery's veracity as to the onset of his knee problems.

Likewise, Mrs. Flanery's injuries were disputed. She complained after the accident that her shoulder blades and neck were hurting her, and the emergency room staff x-rayed her right shoulder blade. Although she claims that they did not look at her neck, the emergency room report reveals that her neck muscles were soft and supple at the time of examination, indicating that her neck was uninjured. Dr. Thomas stated that her neck sprain is associated with degenerative arthritis, but that, in his opinion, he believed her problems were related to the car accident.

Despite these disputed facts, still the preponderance of the evidence supports the conclusion that Mrs. Richardson had negligently hit the Flanerys' vehicle causing them damages, and the judge thought that the jury had ignored this fact. Under Ark. R. Civ. P. 59(a)(6), the trial court had discretion to set aside the jury verdict and grant a new trial when it believed the verdict was clearly contrary to the preponderance of the evidence, and it exercised this discretion appropriately.

Affirmed.

CORBIN, J., not participating.