Randy Keith BRISTOW and Razorback Cab of Fort Smith
*v.* Betty FLURRY

94-1078                                        894 S.W.2d 894

Supreme Court of Arkansas
Opinion delivered March 20, 1995

*Skinner Law Firm, P.A.*, for appellant.

*Hough, Hough & Hughes, P.A.*, by: *R. Paul Hughes, III*, for appellee.

TOM GLAZE, Justice. Randy Bristow was the driver of a Razorback cab in which appellee, Betty Flurry, was a back-seat passenger. The cab was involved in an accident and Flurry filed an action against Bristow and Razorback Cab of Fort Smith, alleging the accident and her resulting personal injuries were due

to Bristow's negligence. The jury trial ended in a unanimous verdict in favor of Bristow and Razorback, but the trial court ruled that the jury's finding was clearly against the preponderance of the evidence and granted Flurry's motion for a new trial. Bristow and Razorback Cab appeal the trial court's ruling. We affirm.

On the night of April 12, 1990, Bristow was driving Flurry eastbound on Garrison Avenue. Bristow's version of what occurred is that, as he approached the intersection of Garrison and Ninth Street, Flurry reached over the seat to pay her fare and said, "Here." Bristow claims that, when he last looked, the light in the intersection ahead was green, so he turned to collect the money from Flurry. However, when he turned back, he was in the intersection, at which point he saw a truck a moment before colliding with it. The truck, driven by Timothy S. Moore, was traveling north and struck Bristow's cab on its right-hand side. Bristow testified that Moore was driving in excess of the speed limit. Flurry testified both that she saw the signal light was red and then that she really was not paying attention to the light. She also said that, when she looked up, the truck was coming very fast.

Alfred Flesher, the officer who had investigated the accident, testified at trial that, at the scene of the accident, Bristow stated that he must have run through the red light, and based upon that statement, Flesher opined that Bristow was at fault. Officer Flesher further testified that, when investigating the accident, Bristow gave no indication that Ms. Flurry had done anything to cause him to run the red light. Flesher stated that Bristow seemed convinced after the collision that he (Bristow) must have run the red light.

Bristow testified that he did not see the light change from green because he was talking to Flurry at the time and was not paying attention. Bristow further stated that, while he admitted he told Officer Flesher that he must have or may have run the red light, Bristow was certain that the light could not have turned from green, to yellow, to red in the amount of time he diverted his attention to receive his fare from Flurry.

The jury heard the above evidence and the instructions by the trial court and found in favor of Razorback Cab and Randy Bristow. The trial court granted a new trial, basing its order on the following assessments: (1) Bristow admitted to Officer Flesher

that he ran the red light; (2) the jury could not reasonably have found that Flurry's action in distracting Bristow would have been more negligent than Bristow's failure to keep a proper lookout; (3) there was little or no basis in fact upon which the jury could have found Moore's speeding was the entire cause of the accident; and (4) the jury could not have reasonably found that Flurry did not receive injuries that were related to this accident.

■ Ark. Rule Civ. P. 59(a)(6) provides that a new trial may be granted to all or any of the parties on all or part of the issues on the application of the party aggrieved when the verdict or decision is clearly against the preponderance of the evidence or is contrary to the law. Although the trial court is granted some discretion in the matter, that discretion is limited, and it may not substitute its view of the evidence for the jury's except when the verdict is clearly against the preponderance of the evidence. *Richardson* v. *Flanery*, 316 Ark. 310, 871 S.W.2d 589 (1994). The test we apply in reviewing the trial court's granting of the motion is whether the judge abused his or her discretion. *Id.* A showing of abuse of discretion is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Id.*

In *Richardson*, this court affirmed the trial court's granting of a new trial. There, defendant Richardson was driving her car on a feed-on lane, attempting to access Highway 107. Richardson failed to yield, thereby colliding with the Flanerys' car which was traveling south on the highway. At trial, the jury returned a general verdict in Richardson's favor, but the trial court set aside the verdict and granted the Flanerys a new trial. This court held that the trial judge did not abuse his discretion in granting the new trial because the overwhelming weight of the evidence was that Richardson's failure to yield had been the cause of the accident. The only evidence tending to disprove the allegations of negligence against Richardson was her own testimony regarding the cause of the accident.

*Turrise* v. *Crane*, 303 Ark. 576, 798 S.W.2d 684 (1990), is another case where this court affirmed the trial court's granting of a new trial. This case arose when defendant Turrise was the driver of a van that ran off the road, overturned and injured the plaintiff passengers. The trial court granted a new trial finding

that Turrise's testimony regarding another vehicle causing him to run off the road was at consummate variance with the physical evidence and the testimony of independent witnesses. The only evidence tending to excuse Turrise's failure to keep the van on the road was his own sudden emergency testimony. On appeal, this court concluded that the physical evidence showed a course of conduct contrary to that which an ordinary person would have undertaken when confronted with such an emergency. This court then upheld the trial court's finding that the combined physical evidence and testimony by other independent witnesses amounted to a clear preponderance in the plaintiffs' favor.

We hold that Bristow and Razorback Cab have failed to show that the trial court abused its discretion in granting a new trial. First, we point out that this case was submitted to the jury on an AMI 203 instruction wherein Flurry claimed damages resulting from the negligence of Bristow and Razorback Cab. Second, the trial court also gave AMI 901A and B, which generally spell out a driver's duty to lookout for other vehicles and to keep his vehicle under control. In addition, the trial court read AMI 910 to the jury, which provides a passenger in an automobile is required to use ordinary care for her own safety. Significantly, the trial court refused to instruct the jury on comparative fault. While the trial court refused Bristow's and Razorback Cab's proffer of AMI 2111 on comparative fault, they do not raise that as a point for reversal on appeal.

In considering the evidence in relation to the instructions given, it is uncontroverted that Flurry sustained an injury to her hand and, at the least, lost a day of work as a result of the accident.[1] By his own testimony, Bristow conceded he was not paying attention to the road as he entered the intersection prior to the collision. Although Bristow attempted to blame Flurry for diverting his attention by offering payment of her fare, Flurry never agreed she did anything to distract Bristow. And as previously stated, Bristow never mentioned to Officer Flesher that Flurry bore any blame for the accident.

The only significant evidence, favoring Bristow and Razor-

---

[1]Flurry also presented considerable other proof, albeit disputed, bearing on injuries she sustained.

back Cab, came as a result of Bristow's own testimony. However, as discussed earlier, while Bristow testified that the signal light was green when he last saw it, his statements to Officer Flesher at the accident scene contradicted his own trial statements. To reiterate, Flesher testified that, after the accident, Bristow said that he was not paying attention before the collision and that he must have run through a red light. Once again, Bristow made no mention to Flesher of Flurry having done anything to cause the accident, nor did he suggest Flurry was at fault until trial.[2]

In sum, the record reflects that Bristow, by his own testimony and that of Officer Flesher, very clearly failed to maintain a proper lookout and maintain control of his vehicle at the time of the accident. By the same token, even if Bristow's testimony is accepted as true that Flurry said, "Here" when offering her fare, we cannot say the trial court abused its discretion in finding such remark did not constitute negligence in the circumstances. Because we cannot say the trial judge abused his discretion in finding the jury verdict was clearly against the preponderance of the evidence, we affirm.

---

[2]At this point, we note that, while Bristow also argued Moore was at fault, no comparative fault instruction was given on this issue. We also note that Officer Flesher testified that Moore was not at fault, and while Bristow objected to Flesher's testimony, stating it called for a conclusion as to who was at fault in the accident, Bristow and Razorback Cab do not present their objection as a point for reversal on appeal.