Andrea R. COLLINS *v.* Renee TREADWELL

CA 95-409                    923 S.W.2d 882

Court of Appeals of Arkansas
Division II
Opinion delivered June 19, 1996

*Boswell, Tucker & Brewster,* by: *Clark S. Brewster,* for appellant.

*John F. Gibson, Jr.,* for appellee.

JOHN E. JENNINGS, Chief Judge. On September 7, 1994, Renee Treadwell was driving in Monticello, Arkansas. She was struck from behind by a vehicle driven by Andrea Collins. The case was tried to a jury and liability was admitted. The jury returned a verdict for $2,436.06. Later, the trial judge granted Renee Treadwell's motion for a new trial and set the jury verdict aside.

On appeal, Ms. Collins contends that the trial court abused its discretion in granting a new trial. We must agree and reverse.

█ The trial court is authorized to set aside a jury verdict and grant a new trial when the verdict is clearly against the preponderance of the evidence. *Brown* v. *Wilson,* 282 Ark. 450, 669 S.W.2d 6 (1984). When a motion for new trial is granted, the test on review is whether the judge abused his discretion. *Clayton* v. *Wagnon,* 276 Ark. 124, 633 S.W.2d 19 (1982).

In this case it is clear that the jury's verdict included the cost of repairing appellee's vehicle, $2,093.90; $100.00 for her loss of its use; $199.16 for a cargo cover; and appellee's $43.00 medical bill. The trial judge set the jury verdict aside because he felt that the jury did not properly consider appellee's testimony as to her personal injuries.

After the accident, Ms. Treadwell did not think she was injured and the investigating officer noted the accident involved "property damage only." Ms. Treadwell testified that about three days after the accident she felt pain in her neck. She testified:

> I went to Dr. Peter Go in Dumas. I complained of pain in my neck and lower back. I do not have any permanent injury and the pain is over with. I have a paranoid feeling, because every time I stop, I look in my rearview mirror to make sure that everything is O.K. It is not an unbearable situation. It makes my hands sweat. The amount of my medical bill was $43.00. The bill was incurred on September 9, 1994.

This is all the evidence relating to appellee's injury. There was no evidence that her pain required any medication or treatment. Under these circumstances we are persuaded that setting aside the jury verdict constitutes an abuse of discretion. The trial court may not substitute its view of the evidence for that of the jury. *Ray v. Green*, 310 Ark. 571, 839 S.W.2d 515 (1992).

For the reasons stated, the order granting a new trial is reversed.

ROGERS and GRIFFEN, JJ., agree.