## Melody ROBERTS *v.* Leon L. SIMPSON

81-197                    628 S.W. 2d 308

Supreme Court of Arkansas
Opinion delivered February 22, 1982

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*William C. Ayres,* for appellee.

ROBERT H. DUDLEY, Justice. Appellee Leon Simpson brought suit against appellant Melody Roberts for damages incurred in an automobile accident. The material evidence is appellee indisputably suffered $1,441.00 in property damage and $6,659.22 in medical expense. These damages total $8,100.22. In addition appellee testified that during a period of disability totalling thirteen and one-half months following the accident, he suffered $24,439.00 in loss of earnings. Appellee's doctor corroborated the amount of time lost from work. The $8,100.22 in undisputed damages plus the $24,439.00 which appellee claims for loss of earnings amounts to $32,539.22. The trial judge gave an instruction on comparative negligence and the jury returned with a verdict of $7,500.00. Appellee filed a motion for new trial which the court granted upon the grounds set forth in Rule 59 (a) (5) and 59 (a) (6), A. R. Civ. P., Ark. Stat. Ann., Vol. 3A (Repl. 1979), which are, "error in the assessment of the amount of recovery" and "the verdict . . . is contrary to the . . .

evidence . . ." This appeal is from the granting of the new trial. We affirm.

In *Worth James Construction Co.* v. *Jean Herring,* 242 Ark. 156, 412 S.W. 2d 838 (1967), we said that a new trial is proper "where the injury is susceptible of definite pecuniary measurement such as in loss of earnings and medical expense, and where the amount of the verdict may be based on comparative negligence." In the case before us $8,100.22 of the damages were not disputed and were exact. The $24,439.00, which appellee testified was his loss of earnings is disputed as a matter of law because a party's testimony is not treated as undisputed. *Raiborn* v. *Raiborn,* 254 Ark. 711, 495 S.W. 2d 858 (1973). Still, this loss of earnings testimony concerns damages which are susceptible of pecuniary measurement as distinguished from those not easily measurable, such as pain, suffering or mental anguish. See *Law* v. *Collins,* 242 Ark. 83, 411 S.W. 2d 877 (1967).

The trial judge held that the $7,500.00 verdict was contrary to evidence of damage which was susceptible of pecuniary measurement and that ruling was not an abuse of discretion. The trial judge is vested with great discretion in ruling on a motion for a new trial and will not be reversed unless there is a manifest abuse of that discretion. *Garner* v. *Finch,* 272 Ark. 151, 612 S.W. 2d 304 (1981). In addition, a showing of abuse of discretion is even more difficult when a new trial has been granted because the beneficiary of the verdict which was set aside has less basis for a claim of prejudice than does one who has unsuccessfully moved for a new trial. *Security Insurance* v. *Owen,* 255 Ark. 526, 501 S.W. 2d 229 (1973).

The trial judge did not abuse his considerable discretion.

Affirmed.