Rennard L. YUTTERMAN *v.* Gail WILLIAMS, et al.

86-15                                                709 S.W.2d 86

Supreme Court of Arkansas
Opinion delivered May 19, 1986

*Pryor, Robinson & Barry*, for appellant.

*Person & VanWinkle*, by: *John R. VanWinkle*, for appellees.

GEORGE ROSE SMITH, Justice. This action for personal injuries and property damage arises from a collision between cars being driven by one of the plaintiffs, Gail Williams, and by the defendant, Rennard Yutterman. Mrs. Williams's passenger was also a plaintiff. Each driver claimed damages against the other. The jury's verdict for $4,768.71 was in favor of the defendant Yutterman on his counterclaim. The trial judge granted the plaintiffs' motion for a new trial, finding the verdict to be clearly against the preponderance of the evidence. Civil Procedure Rule 59(a)(6); *Clayton* v. *Wagnon*, 276 Ark. 124, 633 S.W.2d 19 (1982). The only question is whether the trial judge's action was an abuse of discretion. Our jurisdiction is under Rule 29(1)(o). We affirm.

Mrs. Williams testified that she was driving west on Race Track Road near Pocola, Okla., where the plaintiffs lived. The race track area and a parking lot were on the righthand side of the road. Driving at about 25 miles an hour, Mrs. Williams was approaching a lane or driveway that comes out of the parking lot to the road. There was a stop sign for drivers entering the road from the parking lot. Mrs. Williams saw Yutterman pulling out of the lane when she was about 25 or 30 feet from him. She said she put on her brakes and just slid right into him. She said that at the last minute he was in her lane; so "at the last minute I jerked my wheels to the left," hoping to avoid him. She testified that within seconds after the collision the Pocola police were there.

An investigating police officer testified that Mrs. Williams's car made 30 feet of skid marks to the point of impact. The skid marks were in her lane until they veered slightly to the left up to the impact. The skid marks were over the middle line for the last 5 or 10 feet. The officer said Yutterman left no skid marks, only scuff marks that were left when her vehicle pushed him. The officer said the point of impact was just left of center, with most of

the debris being in Mrs. Williams's (westbound) lane. Another witness, Jerry Lee, had been just behind Yutterman in the driveway. He said that Yutterman didn't see the stop sign and didn't stop; he just pulled right out in front of Mrs. Williams's car, "throwing gravel everywhere."

Yutterman, who lives at Alma, testified that he did stop at the stop sign and looked both ways. He said Mrs. Williams's car was 100 or 150 feet away, though in a deposition he had said 4 or 5 car lengths. He said he pulled out into the road and was entirely in his eastbound lane when the collision occurred. Even though Yutterman's testimony was apparently accepted by the jury, it is so much at variance with the skid marks and with the testimony of Mrs. Williams, the two officers, and Lee that the trial judge did not act improvidently or abuse his discretion in finding that the verdict was clearly against the preponderance of the evidence.

Affirmed.

PURTLE, J., not participating.