Doyle DYER *v.* Harold WOODS

86-4                                           710 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered May 27, 1986

*Hubbard, Patton, Peek, Haltom & Roberts*, by: *George L. McWilliams*, for appellant.

*Mathis & Childers*, by: *Travis Mathis*, for appellee.

DARRELL HICKMAN, Justice. ■    The trial judge set aside a jury verdict for the appellant, defendant below, in this truck collision case and granted the appellee a new trial. On appeal we look to see if the trial judge abused his discretion in so acting. *Yutterman* v. *Williams*, 289 Ark. 77, 709 S.W.2d 86 (1986); *Clayton* v. *Wagnon*, 276 Ark. 124, 633 S.W.2d 19 (1983). The judge is permitted to weigh the evidence and if he finds that a verdict is clearly contrary to the preponderance of the evidence, he may set it aside and grant a new trial. ARCP Rule 59 (a) (6).

The accident occurred at the intersection of Highways 29 and 19 in Pike County. There is a stop sign on Highway 29. The appellant was preparing to turn left from Highway 29 onto Highway 19. The appellee was proceeding on Highway 19 and preparing to turn left onto Highway 29. As appellee approached his turn, he saw appellant applying his brakes and looking both ways. Appellee turned into the proper lane of Highway 29. The appellant conceded that at the time of the collision the entire tractor of his rig and half of the trailer was in the appellee's lane. A photograph introduced into evidence demonstrates very clearly that the accident occurred in appellee's lane. The appellant contended at trial that he had to be in that lane to see to his right before making his turn.

While only the testimony of the parties is abstracted, that testimony and the photograph strongly support the appellee's claim. The judge concluded that the clear preponderance of the evidence was in favor of the appellee, and we find no abuse of discretion.

Affirmed.

PURTLE, J., not participating.