Nancy Davis LAMONS *v.* Christina M. CROFT

86-95                                                    719 S.W.2d 426

Supreme Court of Arkansas
Opinion delivered November 17, 1986

*Highsmith, Gregg, Hart, Farris & Rutledge*, by: *Phillip Farris*, for appellant.

*Harkey, Walmsley, Belew & Blankenship*, by: *John Norman Harkey*, for appellee.

DARRELL HICKMAN, Justice. This is an appeal from the trial court's granting of a new trial. The suit was for personal injuries caused by an automobile accident. While waiting to turn left into

a parking lot, Christina Croft's automobile was struck from behind by a car driven by Nancy Davis Lamons, causing personal injuries to Croft. A jury returned a verdict in Croft's favor and awarded damages in an amount equal to her medical expenses. Croft filed a motion for a new trial claiming the verdict was too small. The trial court granted the motion. Lamons appeals, alleging the trial court abused its discretion. We affirm the decision.

The granting of a new trial is within the trial court's discretion. *Adams* v. *Parker*, 289 Ark. 1, 708 S.W.2d 617 (1986). When a motion for a new trial is made, the test to be applied by the trial court is whether the verdict is clearly against the preponderance of the evidence. ARCP Rule 59(a)(6); *Dyer* v. *Woods*, 289 Ark. 127, 710 S.W.2d 1 (1986). If the motion is denied, the test on appeal is whether the verdict is supported by substantial evidence. The test, when the motion is granted, is whether there is a manifest abuse of discretion. In *Roberts* v. *Simpson*, 275 Ark. 181, 628 S.W.2d 308 (1982), we said:

> . . . [A] showing of abuse of discretion is even more difficult when a new trial is granted, because the beneficiary of the verdict which has been set aside has less basis for a claim of prejudice than does one who has unsuccessfully moved for a new trial.

The jury decided that Lamons was one hundred percent at fault in this accident and awarded damages in an amount equal to Croft's medical expenses. In her motion for a new trial, Croft argued this award did not include damages for the other injuries she proved at trial. The trial court made the following findings:

> 1. That the court is convinced that under Rule 59 of the Arkansas Rules of Civil Procedure that the jury erred in assessing the amount of plaintiff's recovery and such award was contrary to the law and evidence.

> 2. The jury award was the amount of the medical expenses and failed to take into account the plaintiff's other elements of damages such as loss of wages or pain and suffering. This result could not be based on comparative fault because the jury in answering interrogatory No. 2 stated "No" to the question of plaintiff being a proximate

cause of the accident.

The trial court weighed the evidence and found the verdict contrary to the law and the evidence. We find no abuse of discretion in granting the new trial.

Affirmed.