Jeffery Louis CARR *v.* Sheela WOODS

87-128                                       740 S.W.2d 145

Supreme Court of Arkansas
Opinion delivered November 30, 1987

*Shackleford, Shackleford & Phillips, P.A.*, for appellant.

*Griffin, Rainwater & Draper, P.A.*, for appellee.

STEELE HAYS, Justice. Sheela Woods, appellee, sued Jeff Carr, appellant, for personal injuries sustained when her vehicle and his collided in Hamburg, Arkansas. Carr pled guilty to driving while intoxicated and failure to yield the right-of-way.

Ms. Woods established in trial that she suffered a fracture to

a bone in her right foot. Although she was examined in a local emergency room immediately following the 2:00 a.m. collision, the fracture went undetected for over a week because it was impacted, the bones being pressed inward, and was unrevealed by x-ray photographs. She testified to considerable pain and discomfort. She lost nine weeks work at $280 per week and her medical expenses totaled $417.86. The jury awarded $2,000.

Ms. Woods moved for a new trial, which the circuit judge granted upon findings that the award was grossly inadequate and the verdict as to damages was clearly contrary to the preponderance of the evidence. Carr has appealed, contending that it was error to grant the motion for a new trial. We affirm the order.

When the trial court grants a motion for a new trial the standard on review is whether there is a manifest abuse of discretion. *Lamons* v. *Croft*, 290 Ark. 341, 719 S.W.2d 426 (1986). A showing of an abuse of discretion is even more difficult when a new trial is granted, because the beneficiary of the verdict which has been set aside has less basis for a claim of prejudice than does one who has unsuccessfully moved for a new trial. *Roberts* v. *Simpson*, 275 Ark. 181, 628 S.W.2d 308 (1982).

Rule 59(a) of the Arkansas Rules of Civil Procedure gives the trial court the power to grant new trials for grounds materially affecting the substantial rights of a party, including error in the assessment of the amount of recovery, whether too large or too small, and where the verdict is clearly contrary to the preponderance of the evidence.

Carr theorizes that the jury, by reducing Ms. Woods's out-of-pocket expenses from $2,937.86 to $2,000, may have done so on the basis of comparative fault by attributing 30% of the negligence to the plaintiff and 70% to the defendant. Since the case was submitted to the jury upon a general verdict form, following a comparative fault instruction, such a result is possible. Carr contends the jury could have believed Ms. Woods contributed to the collision by driving with her headlights off, or believed that her injury occurred when a jack which she knew to be under the seat of the vehicle she was driving (her father's truck) dislodged on impact and struck her foot.

Such factors might be controlling if we were reviewing the

trial court's denial of the motion for a new trial. See *Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 26 (1982), for example. But the trial court granted the motion under Rule 59 and in that instance our review of the record, while independent, is influenced by the action of the trial court, because it is the exercise of his discretion that we are reviewing.

As to the argument that Ms. Woods was driving without headlights, there was no substantial evidence to support such a conclusion, indeed, there was barely an inference. Mr. Carr said he never saw her headlights, but he declined to say they were not on. Admittedly she was coming directly toward him when he turned left in her path. As to the jack, the only thing the record tells us is that she was aware the jack was under her seat and that it might have struck her foot. There was no proof as to how it was stationed, or that it had dislodged previously, or that she should have anticipated that it might do so if she stopped suddenly. The trial court heard all of this proof firsthand as it developed, and it concluded that the verdict as to damages was clearly against the preponderance of the evidence. We find no manifest abuse of discretion in granting a new trial.

Jeff Carr cites the case of *Law* v. *Collins*, 242 Ark. 83, 411 S.W.2d 877 (1967), where we held that the trial court's discretion was abused in granting a new trial to Ms. Collins on her personal injury claim against Mr. Law. The jury had awarded her $750 in the face of her testimony that she had sustained medical expenses totalling $544.65 and loss of earnings of $976 over twenty-six and a half weeks of recuperation. However, the issue of liability was closer in *Collins* (the trial judge termed his own basis for ordering a new trial, "debatable") whereas here there is nothing of substance in this record to suggest the collision was attributable to anything other than Carr's failure to keep a lookout for other vehicles, impaired as he doubtless was by enough alcohol in his system to register .10 on a breathalyzer. Moreover, *Law* v. *Collins* was a case in which the trial court's ruling was reversed because it violated Ark. Stat. Ann. § 27-1902. That statute provided that a new trial could not be awarded for "smallness of damages" if the damages awarded by the jury in a personal injury case "equal the actual pecuniary injury sustained." In *Saber Mfg. Co.* v. *Thompson*, 286 Ark. 150, 689 S.W.2d 587 (1985), we noted that that statutory section has now

been superseded and is no longer in effect. *Law* v. *Collins* did not ever stand for the proposition that a court may not award a new trial for damages which are too small in any case in which there has been an instruction on comparative negligence.

As we noted in the *Saber* case, a trial judge does not abuse his or her discretion when a new trial is granted if it could fairly be found that the jury failed to take into account all the elements of the total injury proven, even if it might be possible to explain the verdict on the basis of something like awarding the plaintiff only the proven pecuniary loss. That same reasoning applies to the awarding of damages in a case where the jury has been instructed on comparative negligence.

We conclude that the trial court's discretion in granting a new trial was not manifestly abused and, accordingly, the order granting a new trial is

Affirmed.

HICKMAN, J., dissents.