George HAMILTON, Joe Williams, Individually and d/b/a Williams Trucking Company, Robert Coffman, and Continental Baking Company *v.* Lazeta RUSSELL, as Special Administratrix of the Estate of Molly April Russell, Deceased, and Dorothy Lyles Peters, as Special Administratrix of the Estate of Tiffany Leanne Fason, Deceased, and Saul Peters and Dorothy Peters

91-110 821 S.W.2d 35

Supreme Court of Arkansas
Opinion delivered December 23, 1991
[Rehearing denied January 27, 1992.]

*Friday, Eldridge & Clark*, by: *Donald H. Bacon*, for appellants Robert Coffman and Continental Baking Company.

*Wright, Lindsey & Jennings*, by: *James M. Moody*, for appellants George Hamilton and Joe Williams.

*McDaniel & Wells, P.A.*, by: *Bobby McDaniel*, for appellee Laxeta Russell.

*Lightle, Beebe, Raney, Bell & Hudgins*, by: *Mike Beebe*, and *A. Watson Bell*, for appellee Dorothy Lyles Peters.

TOM GLAZE, Justice. This appeal ensues from the trial court's granting a new trial, finding that the damages awarded appellees by the jury were inadequate. The jury damages awarded resulted from a vehicular collision between an automobile driven by appellee Saul Peters and a tractor-trailer parked partially on Highway 63 by appellant George Hamilton. This tractor-trailer rig was owned by appellant Joe Williams. After the initial collision, the Peters' vehicle then collided with another tractor-trailer which was operated by appellant Robert Coffman, but owned by appellant Continental Baking Company. These collisions resulted in personal injuries to Saul Peters and in the deaths of two ten-year-old girls, Molly Russell and Tiffany Fason who were passengers in the Peters' car. Tiffany was Peters' step-daughter. The jury found no fault on Peters' part and instead apportioned liability between the various appellant tractor-trailer operators and owners.

The jury awarded Peters $8,300.00 for damages resulting from his personal injuries and $12,500.00 each to him and his wife, Dorothy (Tiffany's natural mother), for their mental anguish claims. Molly's parents, Lazeta and Marvin Russell, were also each awarded $12,500.00 for mental anguish. Finally, Tiffany's and Molly's estates were awarded funeral expenses in the respective amounts of $1,300.00 and $4,800.00. Appellants challenge the trial court's decision, setting aside these damages and granting a new trial, by arguing the trial court improperly substituted its opinion for the jury's assessment of damages.

 Appellants acknowledge the rule that when the trial court grants a motion for a new trial, the standard on review is whether there is a manifest abuse of discretion. *Carr* v. *Woods*, 294 Ark. 13, 1740 S.W.2d 145 (1987). They agree, as well, that, under ARCP Rule 59(a)(5), the inadequacy of the recovery can be a ground for a new trial. *Id., see also Lamons* v. *Croft*, 290 Ark. 341, 719 S.W.2d 426 (1986); *Adams* v. *Parker*, 287 Ark. 1, 709 S.W.2d 617 (1986); *Lawson* v. *Lewis*, 276 Ark. 7, 631 S.W.2d 611 (1982); *Roberts* v. *Simpson*, 275 Ark. 181, 628 S.W.2d 308 (1982). Appellants argue, however, that those cases in which this court has allowed a trial court to set aside a jury award were ones where a jury had failed to take into account all the elements of the total injury proven. Appellants point out *Carr* as an example where out-of-pocket damages for lost wages and medical expenses could be precisely calculated and a new trial was properly granted because the jury awarded less than the proven or calculated amount. Appellants attempt to distinguish the present case from those cited above because the damages questioned here are for mental anguish which only the jury is competent to determine.

 Of course, in wrongful death actions where mental anguish has been an issue, this court has said time and again the amount of money required to compensate for "more than normal grief" lies largely within the province of the jury. *St. Louis S.W. Ry. Co.* v. *Pennington*, 261 Ark. 650, 677, 553 S.W.2d 436 (1977). However, our review in the case at hand is not limited only to the awards given for mental anguish. In ruling on the appellees' request for a new trial, the trial judge in relevant part made the following comments:

> . . . I was impressed by the jury's finding and apportionments of the fault or liability. And while their findings were supported by sufficient evidence, I would not have been so shocked had their findings been differently as to the apportionment of forty-five, forty-six and nine percent I believe apportionment between the defendants. There is a little more argument or room or variance there than in the fixing of damages.
>
> In each case my recollection is, and I have looked at the judgment, the jury having apportioned the fault, *then*

*allowed only the actual out-of-pocket expenses for the cost of burial. As to Saul Peters I think they limited his recovery for his own personal injuries to again doctor and medical hospital bills and awarded the parents $12,500.00 each for mental anguish and loss of the child.* I always maintain an open mind until in this case giving the defense an opportunity to be heard. But from the very first outlet, opportunity to observe this verdict the Court was unquestionably shocked by the inadequacy of the verdict.

[Defendants'] brief cites and my first impression with it was that the plaintiff had the burden of showing not only the inadequacy, but that the damage award by the jury was of a nominal amount. And in light of today's economy the Court is of the opinion that the award of $12,500.00 was a nominal award for the loss of the children. (Emphasis added.)

The trial judge voiced concern that the $12,500.00 award was nominal for the loss of the two children, but also noted the limited recovery allowed Saul Peters, who, the jury determined, bore no fault for the collisions and resulting damages. The parties stipulated that Peters incurred medical expenses and lost earnings totalling $8,225.80, and while the appellants never stipulated that these damages were related to the collisions, the jury awarded Peters $8,300.00, or just $74.20 more than the stipulated amount. In addition to his own testimony, Peters offered medical evidence that sufficiently supported his pain and suffering claims, which included a closed head injury, partial bladder rupture, fracture of his fourth metacarpal on his left hand, a fracture of his radius, left wrist, and minor lacerations and abrasions. *Cf. The Scott-Burr Stores* v. *Foster,* 197 Ark. 232, 122 S.W.2d 165 (1938). He was hospitalized for seven days, and was given pain medication during his stay.

The parties also stipulated that Tiffany's funeral and related expenses were $2,407.00 and Molly's were $4,795.70. Yet, the jury awarded Tiffany's estate only $1,300.00 but awarded $4,800.00 to Molly's. Appellants are unable to explain the jury's assessment on these claims, nor can we.

In sum, while the trial judge largely focused on what he asserted to be inadequate or nominal damages to the appellees for

the loss of the two children, our review of the judge's decision to grant a new trial for inadequate damages is not so narrow. Clearly, Tiffany's funeral expenses were incorrectly assessed; Peters' award is questionable, as well, for the reasons discussed. Added to these ostensively inadequate awards, appellees suggest the trial court may have also reasonably perceived that the jury failed to consider the elements and evidence showing mental anguish, especially since Saul Peters, Tiffany's stepfather for three years, was compensated the same as Tiffany's mother, who had raised Tiffany from birth. Appellees also note that Saul's mental anguish award was the same amount awarded the Russells, Molly's natural parents.

When considering all of the damage awards discussed above, we are unable to say the trial court abused its discretion in finding the jury's assessment too small. Therefore, we affirm, leaving the parties to retry the case as to damages as agreed to by all the parties and as directed by the trial court.