Edward L. GARNETT *v.* Dennis CROW and Brenda Crow

CA 99-920                                     14 S.W.3d 531

Court of Appeals of Arkansas
Division II
Opinion delivered April 19, 2000

*McMillan, Turner, McCorkle & Curry*, by: *F. Thomas Curry*, for appellant.

*Winonia Griffin Roberts*, for appellees.

Steele Hays, Special Judge. Appellant, Edward Garnett, is appealing from an order by the Hempstead County Circuit Court setting aside the jury verdict and ordering a new trial. We affirm the circuit court's order.

While driving his automobile in Hope, Arkansas, on December 10, 1997, appellant ran a stop sign and collided with appellee Dennis Crow's automobile. In May 1998, Mr. Crow sued appellant for negligence, claiming damages for aggravation of a preexisting condition and for past and future medical expenses, mental anguish, pain, physical impairment, and loss of earnings in the amount of $585,000. Mr. Crow's wife, appellee Brenda Crow, sued appellant for $50,000 for loss of consortium. Appellant denied liability and alleged that Mr. Crow was negligent in driving too fast and failing to maintain a proper lookout.

Mr. Crow testified that, at the time of the accident, he had owned his own business, a classic car sales establishment, and that he had been forced to close it soon after the accident because of his injuries. He described in detail the severe back pain he has experienced since the accident and the adverse impact this pain has had on all areas of his life. He said he has not been able to work, perform household chores, or do yard work since the accident. He and his wife also testified about the toll that the accident has taken on their sexual relationship. Mr. Crow presented evidence of his injuries and the medical services he has received, as well as the substantial expenses he has incurred. He stated that, in addition to treatment at the emergency room, he has consulted a psychologist and a succession of physicians — his family physician, an internist, an orthopedic surgeon, and a neurologist — in search of relief for his pain. He also described the extensive medical tests and procedures, physical therapy, and medication his doctors have prescribed. Mr. Crow introduced into evidence his medical records and documents reflecting medical expenses, approximating $39,000.

Dr. Joseph Greenspan, who specializes in rehabilitation, testified that Mr. Crow's injuries were caused by the accident and that his expenses were reasonable and medically necessary. He testified Mr. Crow would continue to suffer pain; Dr. Greenspan doubted he would be able to return to work. Dr. Greenspan determined Mr. Crow's permanent whole-body impairment to be twenty-one percent and estimated his future medical expenses at approximately

$100,000. Appellees also presented the testimony of an economist, Larry Davis, who testified that Mr. Crow's future lost income had a present value of $224,229.

Appellant admitted at trial that he had run the stop sign and that the accident would probably not have occurred if he had stopped. He did not offer the testimony of any other witness; instead, he questioned the reliability and accuracy of Dr. Greenspan's opinion about Mr. Crow's injuries and their cause. In his attempt to discredit Mr. Crow's testimony, he elicited admissions from Mr. Crow that he has suffered from anxiety problems for years and that he has been treated with psychotropic drugs. Appellant introduced evidence that, since April 1997, Mr. Crow had refilled his prescription for Ativan, an anti-anxiety drug, almost once a month. Appellant also tried to discredit Mr. Crow's claim for lost wages by demonstrating that appellees had lost money on the business in 1997.

After the jury returned a unanimous $10,000 verdict for appellees, appellees moved for a new trial on the grounds of the purported misconduct of a juror, the questioning of Mr. Crow about his insurance by counsel for appellant, and the inadequate amount of damages. The circuit judge found appellees' motion to be meritorious but did not specify the precise ground on which he granted a new trial. On appeal, appellant argues that none of the grounds argued by appellees in their motion warranted a new trial. Because the amount of damages awarded is so small in comparison to appellees' proof, we cannot say that the circuit judge abused his discretion in granting a new trial. Therefore, we need not address appellant's other arguments on appeal.

■■ The law affecting the granting of a new trial is well settled. Arkansas Rule of Civil Procedure 59(a) provides that a new trial may be granted, among other reasons, for error in the assessment of the amount of recovery, whether too large or too small, and when the verdict is clearly contrary to the preponderance of the evidence. The test we apply on review of the granting of a new trial is whether there was a manifest abuse of discretion. *Carr v. Woods*, 294 Ark. 13, 740 S.W.2d 145 (1987); *Eisner v. Fields*, 67 Ark. App. 238, 998 S.W.2d 421 (1999). A manifest abuse of discretion in granting a new trial means discretion improvidently exercised, *i.e.*, exercised thoughtlessly and without due consideration. *Nazarenko v.*

*CTI Trucking Co.*, 313 Ark. 570, 856 S.W.2d 869 (1993). A showing of an abuse of discretion is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Young v. Honeycutt*, 324 Ark. 120, 919 S.W.2d 216 (1996). Accordingly, he has less basis for a claim of prejudice than does one who has unsuccessfully moved for a new trial. *Carr v. Woods, supra.*

■ At trial, appellees presented detailed evidence that supported their claims. In our view, the words of the supreme court in *Carr v. Woods*, 294 Ark. at 16, 740 S.W.2d at 146, can be applied to the situation before us:

> [A] trial judge does not abuse his or her discretion when a new trial is granted if it could fairly be found that the jury failed to take into account all the elements of the total injury proven, even if it might be possible to explain the verdict on the basis of something like awarding the plaintiff only the proven pecuniary loss.

Given appellees' evidence of over $300,000 in damages and the relatively small amount awarded by the jury, we cannot say that the trial judge committed a manifest abuse of discretion in granting appellees a new trial.

Affirmed.

MEADS, J., agrees.

ROAF, J., concurs.

ANDREE LAYTON ROAF, Judge, concurring. I concur in affirming the trial court's award of a new trial only because the supreme court has repeatedly said that a showing of abuse of discretion by the trial court is more difficult when a new trial has been granted because the opposing party will have another opportunity to prevail. *See Young v. Honeycutt*, 324 Ark. 120, 919 S.W.2d 216 (1996); *Bristow v. Flurry*, 320 Ark. 51, 894 S.W.2d 894; *Richardson v. Flanery*, 316 Ark. 310, 871 S.W.2d 589 (1994). However, it is equally well settled that the alleged inadequacy of a jury award will not support the reversal of a denial of a motion for new trial, where a fair-minded jury could have reasonably fixed the award at the challenged amount. *See, e.g., Depew v. Jackson*, 330 Ark. 733, 957 S.W.2d 177 (1997). The mere fact that a plaintiff has incurred medical expenses and the defendant has admitted liability

does not automatically translate into a damage award equivalent to those expenses. *Id.*

In the present case, Mr. Crow's evidence regarding both causation and the amount of his damages was thoroughly impeached during this trial, not to mention Mr. Crow's credibility as a witness. However, the supreme court has said that cases involving the grant of a motion for new trial have "little bearing" in the review of a denial of such a motion. *See id.* The converse of that proposition is equally true, especially where it has been declared to be "more difficult" to show that the trial court abused its discretion when a new trial has been granted.