Elizabeth HOGAN *v.* Brenda HOLLIDAY

CA 00–42                                        31 S.W.3d 875

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered December 6, 2000

*Wright, Chaney, Berry, Daniel, Hughes & Moore, P.A.*, by: *Rodney P. Moore*, for appellant.

*Taylor King & Associates*, by: *Taylor A. King*, for appellee.

ANDREE LAYTON ROAF, JUDGE. Elizabeth Hogan appeals from a circuit court order setting aside a jury verdict that found Hogan negligent in an automobile accident but awarded zero damages. Hogan argues that the circuit court abused its discretion in granting plaintiff/appellee Brenda Holliday a new trial. We affirm.

Hogan and Holliday were involved in a three-car accident in which Hogan rear-ended a truck driven by Randall Wagner, who then struck the rear of Holliday's car. Hogan testified that she was going thirty-five miles per hour and reduced her speed only minimally before she struck Wagner. Although Holliday stated she was not injured at the scene of the accident, she sought medical treatment several weeks after the accident because of persistent headaches, neck and back pain and soreness, commencing the night of the accident. Holliday eventually was seen by Dr. D'Orsay Bryant, an orthopedic surgeon, about four weeks after the accident. Dr. Bryant noted swelling and persistent muscle spasms in Holliday's neck and lower back, and diagnosed a whiplash-type muscular and ligamentous injury. An MRI showed evidence of degenerative disc disease. Dr. Bryant prescribed a conservative treatment regimen, including physical therapy, medication and a TENS unit. Dr. Bryant testified by deposition that a muscle spasm is an objective finding, that a person can not fake a muscle spasm, and that Holliday's degenerative disc disease did not play a significant role in her injury. Holliday incurred medical expenses totaling $7,131 as a result of this treatment.

After the trial of Holliday's negligence action against Hogan, the jury found against Hogan on the issue of negligence but awarded no damages to Holliday. Holliday moved for a new trial, asserting that the damages were grossly inadequate and that the verdict was contrary to the preponderance of the evidence and the

law. The trial court ordered a new trial, finding that the verdict of the jury was clearly contrary to the preponderance of the evidence and should be set aside.

On appeal, Hogan argues that the trial court abused its discretion in granting Holliday a new trial. Hogan contends, in essence, that Holliday's case relied primarily upon her testimony as to her injury and that the jury was entitled to find that she was not injured in the accident. In this regard, Hogan asserts that Holliday's car suffered only minimal damage, she did not receive medical treatment until a month after the accident, she continued to work at a manual-labor job following the accident, and that her muscle spasms could have come from her work activities. Consequently, Hogan asserts, Holliday failed to meet her burden of proving that Hogan's negligence was the proximate cause of her injury and damages. Hogan further contends that the trial court impermissibly shifted the burden to her to prove that Holliday suffered pre-existing or subsequently-caused injuries.

The law affecting the granting of a new trial is well settled. Arkansas Rule of Civil Procedure 59(a) provides that a new trial may be granted, among other reasons, for error in the assessment of the amount of recovery, whether too large or too small, and when the verdict is clearly contrary to the preponderance of the evidence. *Garnett v. Crow*, 70 Ark. App. 97, 14 S.W.3d 531 (2000). The test we apply on review of the granting of a new trial is whether there was a manifest abuse of discretion. *Carr v. Woods*, 294 Ark. 13, 740 S.W.2d 145 (1987); *Eisner v. Fields*, 67 Ark. App. 238, 998 S.W.2d 421 (1999). A manifest abuse of discretion in granting a new trial means discretion improvidently exercised, *i.e.*, exercised thoughtlessly and without due consideration. *Nazarenko v. CTI Trucking Co.*, 313 Ark. 570, 856 S.W.2d 869 (1993). A showing of an abuse of discretion is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Young v. Honeycutt*, 324 Ark. 120, 919 S.W.2d 216 (1996). Accordingly, he has less basis for a claim of prejudice than does one who has unsuccessfully moved for a new trial. *Carr v. Woods, supra.*

Two cases are relied upon by Hogan as having facts analogous to this case, in that there was an admission or finding of negligence on the part of the defendant, but the jury awarded the

plaintiff no damages. However, in both cases the supreme court affirmed the trial court's denial of a new trial. *See Thigpen v. Polite*, 289 Ark. 514, 712 S.W.2d 910 (1986); *Webb v. Thomas*, 310 Ark. 553, 837 S.W.2d 875 (1992). Consequently, we do not deem these cases to provide authority for reversing the trial court's grant of a new trial. Given that a showing of abuse of discretion is more difficult when a new trial is granted, we cannot say that, based on the record before us, the trial court's granting of a new trial to Holliday was such a manifest abuse of discretion, exercised thought-lessly and without due consideration, so as to warrant reversal of this case.

Affirmed.

HART, JENNINGS, MEADS, and PITTMAN, JJ., agree.

CRABTREE, J., dissents.

TERRY CRABTREE, Judge, dissenting. The jury heard the testimony of the witnesses, viewed the evidence, and heard arguments in this case. They found that the plaintiff did not suffer damages as a result of the negligence of the defendants. In my opinion, there is more than sufficient evidence to support the verdict. The jury decided the case, and that should be the end of it.

I dissent.