VIRGINIA INSURANCE RECIPROCAL *v.* Eva VOGEL

CA 00-781                                        43 S.W.3d 181

Court of Appeals of Arkansas
Division I
Opinion delivered April 25, 2001

*Friday, Eldredge & Clark*, by: *Gregory D. Taylor*, for appellant.

*Hale, Fogleman & Rogers*, by: *Joe M. Rogers*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellee in this tort case, a very elderly woman, brought this action alleging that she was injured through the negligence of Crittenden Memorial Hospital when she was caught in the automatic doors at a professional office building leased and operated by the hospital. The jury returned a verdict in favor of appellant, the hospital's insurer.

Appellee subsequently moved for a new trial. The trial court granted appellee's motion for a new trial on the grounds of newly discovered evidence and erroneous failure to instruct the jury on *res ipsa loquitur*. From that decision, comes this appeal.

For reversal, appellant contends that the trial court erred in granting a new trial on the grounds of newly discovered evidence and for refusing to instruct the jury on *res ipsa loquitur*. We affirm.

■■■ A new trial based on newly discovered evidence is not a favored remedy, and whether to grant a new-trial motion on such grounds is within the sound discretion of the trial court. *Lee v. Lee*, 330 Ark. 310, 954 S.W.2d 231 (1997). The supreme court has held that, in a hearing on a motion for new trial based on newly discovered evidence, the burden is on the movant to establish that he or she could not with reasonable diligence have discovered and produced the evidence at the time of the trial, that the evidence is not merely impeaching or cumulative, and that the testimony would have changed the result of the trial. *Id.* On appeal from the grant of a new trial, we will affirm unless there has been a manifest abuse of discretion:

> A manifest abuse of discretion in granting a new trial means discretion improvidently exercised, *i.e.*, exercised thoughtlessly and without due consideration. *Nazarenko v. CTI Trucking Co.*, 313 Ark. 570, 856 S.W.2d 869 (1993). A showing of an abuse of discretion is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Young v. Honeycutt*, 324 Ark. 120, 919 S.W.2d 216 (1996). Accordingly, he has less basis for a claim of prejudice than does one who has unsuccessfully moved for a new trial. *Carr v. Woods, supra*.

*Garnett v. Crow*, 70 Ark. App. 97, 99-100, 14 S.W.3d 531, 533 (2000).

■■ We cannot say that the trial judge acted thoughtlessly and without due consideration in granting appellee a new trial in the case at bar. Appellee sought to prove that the hospital had been negligent in inspecting, servicing, and maintaining the automatic door. To this end she propounded interrogatories and requests for production of documents asking whether the hospital had any notice of the doors closing on any person other than herself, and for the details and documentation relating to such incidents if the hospital had notice of any such prior incident. The hospital responded by stating that it had no notice or documentation of any

such prior occurrence. Appellee also requested maintenance records relating to the door; although some maintenance logs were provided, the maintenance log for 1996 was not. Soon after trial, appellee's attorney learned through chance conversation of another incident where a person was injured in 1996 when the professional office building door malfunctioned. He obtained affidavits documenting that this injury had occurred, that the hospital's insurance carrier had paid a claim relating to this injury, and that the hospital had provided medical treatment for the injury, the charges for which were adjusted by the hospital administration.

■ Appellant contends that appellee would have learned of this prior incident independently had she conducted a reasonably diligent investigation. We think that the trial judge could properly find that appellee's interrogatories and requests for production constituted reasonable diligence. Appellant contends that evidence of the prior incident serves only to impeach the testimony of hospital officials to the effect that no such accident had or could occur. Although this evidence did impeach the testimony of the hospital's CEO that he had no knowledge of similar occurrences, it also tended to show that subsequent malfunctions of the door were foreseeable in light of those prior incidents. The foreseeability of the malfunction was a serious weakness in appellee's case, especially in light of the hospital CEO's assertion that no such incidents had happened before, and we cannot say that the trial judge manifestly abused his discretion in finding that this evidence would likely lead to a different result were the case to be retried. We hold that the trial judge did not err in granting a new trial on the grounds of newly discovered evidence.

■ Appellant also contends that the trial court erred in granting a motion for new trial on the ground that it erroneously failed to instruct the jury on the doctrine of *res ipsa loquitur*. A *res ipsa* instruction is properly denied where there is substantial evidence that the plaintiff's injury was not caused by the instrumentality under the exclusive control of the defendant. *Eisner v. Fields*, 67 Ark. App. 238, 998 S.W.2d 421 (1999). At trial in the present case, such evidence was present in the form of testimony by appellant's agents to the effect that the door could not malfunction and had not malfunctioned. We think it unlikely that such testimony will be repeated on retrial. Consequently, although we think that the trial court was initially wrong in believing that *res ipsa loquitur* must be specifically pled, *see Stalter v. Coca-Cola Bottling Co. of Ark.*, 282 Ark. 443, 669 S.W.2d 460 (1984), we do not address this issue because it is not likely to arise on retrial.

Affirmed.

VAUGHT and HART, JJ., agree.