2009 Ark. App. 422

**W.E. PENDER & SONS, INC., Appellant**

v.

**Burton LEE, Appellee.**

**No. CA 08–403.**

Court of Appeals of Arkansas.

May 20, 2009.

JOSEPHINE LINKER HART, Judge, dissent on denial of rehearing.

This court reversed the granting of a new trial. Burton Lee's petition for rehearing argues that the majority misapplied the standard of review. I agree. Numerous cases in which our appellate courts have reviewed grants of new trial have repeatedly observed that a stronger showing of abuse of discretion is necessary when a new trial has been *granted*, on the theory that the beneficiary of the verdict that was set aside will have another opportunity to prevail and has less basis for a claim of prejudice than does one who has unsuccessfully moved for a new trial. *See, e.g., Virginia Ins. Reciprocal v. Vogel*, 73 Ark.App. 292, 43 S.W.3d 181 (2001). Further, numerous cases have stated that on appeal from the grant of a new trial,

we will affirm unless there has been a *manifest* abuse of discretion, which means discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. *Id.* A circuit court's factual determination on a motion for a new trial will not be reversed unless clearly erroneous. *Dodson v. Allstate Ins. Co.,* 345 Ark. 430, 47 S.W.3d 866 (2001).

The majority turns the standard of review upside down. Its analysis suggests that the *appellee* must establish prejudice and that we not give due deference to the circuit court's findings of fact. On appeal, however, the burden of establishing prejudice is always on the appellant, not the appellee, and, as always, in reviewing a circuit court's decision, we examine the evidence supporting the circuit court's decision and give full consideration to the court's determination of the weight and credibility of the evidence. It is as if the majority instead was affirming the *denial* of a motion for new trial, and that Burton was not the appellee, but instead the appellant.

BAKER and BROWN, JJ., join.