

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-17-117

| | |
|---|---|
| THY N. TRAN<br><br>APPELLANT<br><br>V.<br><br>THI T. VO AND TRAN NGOC UYEN VO<br><br>APPELLEES | **Opinion Delivered** November 15, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION [NO. 60CV-15-1741]<br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br>REVERSED |

**N. MARK KLAPPENBACH, Judge**

Appellant Thy Tran ("Tran") was in a nail-salon partnership with appellees Thi Vo and Tran Ngoc Uyen Vo (collectively "Vo"). The salon was established and operated in leased space in Maumelle, Arkansas. Within months, the relationship among the partners soured. After being ousted from the partnership and the salon, Tran sued Vo alleging several claims related to being wrongfully terminated, excluded from the still-active business, and deprived of her share of the partnership's assets. A jury in Pulaski County Circuit Court found in favor of Tran and against Vo on the claims of breach of contract and conversion, awarding Tran $57,200 in compensatory damages and $114,400 in punitive damages. Vo filed a motion for new trial or remittitur. The trial court upheld the compensatory-damages award but granted Vo's motion for a new trial or remittitur as to the punitive-damages award. In this one-brief

SLIP OPINION

appeal, Tran asserts that the trial court erred in granting a new trial or remittitur. We agree that the trial court erred and reverse.

Here, the trial court decided to grant a new trial or remittitur for a reason it raised sua sponte and not for any of the reasons set forth in Vo's motion. The trial court determined that it had not fully instructed the jury regarding punitive damages. Although Vo had objected during trial that a punitive-damages instruction should not have been given at all because there was no evidence of malice on Vo's part, the trial court disagreed and decided to give the model jury instruction on punitive damages. Vo admittedly did not raise any objection to the form of this model jury instruction, either during discussions between the court and counsel or when the jury was instructed. The jury was instructed as follows on punitive damages, in line with the Arkansas Model Jury Instruction on this topic:

> Now, in addition to compensatory damages for actual losses [Tran] may have sustained, [Tran] asked for punitive damages. Punitive damages may be imposed to punish a wrongdoer and deter the wrongdoer and others from similar conduct. In order to recover punitive damages from the defendants, [Tran] has the burden of proving by clear and convincing evidence, first, that the defendants [Vo], knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in damage and that they continued such conduct with malice or reckless disregard of the consequences from which malice may be inferred, or that [Vo] intentionally pursued a course of conduct for the purpose of causing damage.

The jury rendered the verdict as recited above. Vo filed a motion for new trial or remittitur within ten days of the judgment being filed. In that motion, Vo challenged the entire award, both compensatory and punitive, presenting various arguments, none of which

SLIP OPINION

concerned jury instructions.[1] Tran responded to each of the bases raised by Vo, asserting that no new trial or remittiur was warranted.

At the hearing on the motion for new trial or remittitur, the trial judge remarked that the punitive-damages instruction was not complete because the second page was missing, leaving out the definition of "clear and convincing evidence." The model instruction recites that "'[c]lear and convincing evidence' is proof that enables you without hesitation to reach a firm conviction that the allegation is true." The trial court, sua sponte, raised this as an issue.

Tran's attorney asserted that the jury "understood punitive damages and how they're going to work." Only then, and with prodding by the trial court, did Vo's attorney agree with the trial court that the failure of the jury to be given a definition of clear and convincing evidence constituted "an error or irregularity" in the proceedings. Vo's attorney said that he followed along with the trial court's reading of this model jury instruction to the jury to ensure its accuracy but did not recall thinking that this instruction was incomplete. The trial court stated from the bench that it had the discretion to raise this issue on its own in the

---

[1]Vo's arguments included contentions (1) that the trial court made an improper comment as to the credibility of Vo's CPA witness and asked prejudicial and improper questions of the CPA such that a mistrial should have been granted; (2) that the jury improperly awarded punitive damages based on breach of contract and not the tort of conversion; (3) that the jury awarded compensation on gross profits instead of net profits resulting in an excessive compensatory award; and (4) that the jury's compensatory award improperly gave Tran more money than she would have received had the partnership agreement been honored.

interest of justice and that the lack of a definition of "clear and convincing evidence" invalidated the punitive-damages award. The trial court remarked that, regardless of whether the attorneys realized that the instruction lacked that definition, "I knew about it and it's been bothering me."

A formal order was prepared and filed. The order set forth that Arkansas Rule of Civil Procedure 59(a) provides that a new trial may be granted when there is any irregularity in the proceedings or when there is error in the assessment of the amount of recovery, whether too small or too large. The order found that the jury instruction on punitive damages "was incomplete, and thus the jury was not properly instructed on the basis for awarding punitive damages." The order recited that Ark. R. Civ. P. 59 implicitly grants a trial court power to order a new trial when the damages are excessive, unless the prevailing party agrees and consents to a remittitur. The trial court's order upheld the compensatory-damages award but gave Tran the option of agreeing to the remittitur of the punitive-damages award or submitting to a new trial.[2] Tran filed a timely notice of appeal from that order.[3]

Remittitur is within the inherent power of the court if an award is grossly excessive

---

[2] Speaking from the bench, the trial court told Tran's attorney that the options were to "set aside the whole thing and grant you a new trial if you want" or to allow the judgment to stand with only the compensatory-damages award.

[3] Initially, a finality issue arose as to this appeal, filed as docket number CV-16-741, and on November 30, 2016, our court permitted Tran to dismiss the appeal to obtain a final order disposing of all claims. The trial court entered a final order, and Tran filed another notice of appeal in order to appeal the order granting a new trial or remittitur. This was docketed as the present appeal under docket number CV-17-117.

SLIP OPINION

or appears to be the result of passion or prejudice. *Holmes v. Hollingsworth*, 234 Ark. 347, 352 S.W.2d 96 (1961). It may be ordered sua sponte. *McNair v. McNair*, 316 Ark. 299, 307, 870 S.W.2d 756, 761 (1994). When considering the issue of remittitur of punitive damages, we review the issue de novo. *See Smith v. Hansen*, 323 Ark. 188, 914 S.W.2d 285 (1996). We consider the extent and enormity of the wrong, the intent of the party committing the wrong, all the circumstances, and the financial and social condition and standing of the erring party. *See United Ins. Co. of Am. v. Murphy*, 331 Ark. 364, 961 S.W.2d 752 (1998); *McLaughlin v. Cox*, 324 Ark. 361, 922 S.W.2d 327 (1996). Punitive damages are a penalty for conduct that is malicious or perpetrated with the deliberate intent to injure another. *See United Ins. Co.*, *supra.* When punitive damages are alleged to be excessive, we review the proof and all reasonable inferences in the light most favorable to the party awarded those damages, and we determine whether the verdict is so great as to shock the conscience of this court or to demonstrate passion or prejudice on the part of the trier of fact. *See Houston v. Knoedl*, 329 Ark. 91, 947 S.W.2d 745 (1997); *Collins v. Hinton*, 327 Ark. 159, 937 S.W.2d 164 (1997).

In this case, however, the grant of a new trial or remittitur of punitive damages was based solely on the notion that the jury was required to be informed of a definition of "clear and convincing evidence." The remittitur was not grounded in any defect in stating what Tran had to prove in order to be awarded punitive damages; in any inherent problem with the amount awarded such as the award's ratio or relationship to compensatory damages; in any perceived passion or prejudice of the jury; or in the allegation that the punitive-damages

SLIP OPINION

instruction should not have been given at all. The trial court's order of remittitur here simply does not fall within the ambit of the law regarding remittitur.

Thus, our focus is on whether the trial court abused its discretion in finding that a new trial was warranted due to a jury instruction not including a definition of clear and convincing evidence. We hold that such an abuse of discretion is demonstrated in this instance.

The law affecting the granting of a new trial is well settled. Arkansas Rule of Civil Procedure 59(a) (2016) provides that a new trial may be granted, among other reasons, for any irregularity in the proceedings by which a party was prevented from having a fair trial or for error in the assessment of the amount of recovery, whether too large or too small. Pursuant to Ark. R. Civ. P. 59(e), a trial court has the discretion to grant a motion for a new trial, timely filed, for a reason not stated in the motion, but the trial court must give the parties notice and an opportunity to be heard on the matter, and it must specify in its order the ground therefor. The test we apply on review of the granting of a new trial is whether there was a manifest abuse of discretion. *Carr v. Woods*, 294 Ark. 13, 740 S.W.2d 145 (1987); *Eisner v. Fields*, 67 Ark. App. 238, 998 S.W.2d 421 (1999). A manifest abuse of discretion in granting a new trial means discretion improvidently exercised, meaning that the discretion is exercised thoughtlessly and without due consideration. *Nazarenko v. CTI Trucking Co.*, 313 Ark. 570, 856 S.W.2d 869 (1993). A showing of an abuse of discretion is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Young v. Honeycutt*, 324 Ark. 120, 919 S.W.2d 216 (1996). Accordingly, that party

SLIP OPINION

has less basis for a claim of prejudice than does one who has unsuccessfully moved for a new trial. *Carr v. Woods*, *supra*; *Garnett v. Crow*, 70 Ark. App. 97, 99–100, 14 S.W.3d 531, 533 (2000).

We hold that the trial court abused its discretion in granting a new trial to Vo based on purported irregularities to which there were no proper objections raised by Vo. *See Grubbs v. Hindes*, 101 Ark. App. 405, 414, 278 S.W.3d 575, 581 (2008). The failure to object to the giving of an erroneous jury instruction before the case is submitted to the jury constitutes a waiver of any error committed by the court in giving it. *Delta Sch. of Commerce, Inc. v. Wood*, 298 Ark. 195, 769 S.W.2d 738 (1989); *Tinsley v. Cross Dev. Co.*, 277 Ark. 306, 642 S.W.2d 286 (1982); *Willis v. Elledge*, 242 Ark. 305, 413 S.W.2d 636 (1967). Vo did not object to the form of the model jury instruction at the time the trial court determined that it would be given, nor did Vo raise an objection when the jury instruction was read to the jury on the basis that the jury instruction was incomplete. Vo did not raise an objection to the lack of a definition of clear and convincing evidence in the motion for new trial.

Arkansas Rule of Civil Procedure 51 requires the trial court to inform counsel of the jury instructions it proposes to submit to the jury and states that

> [n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection, and no party may assign as error the failure to instruct on any issue unless such party has submitted a proposed instruction on that issue. Opportunity shall be given to make objections to instructions out of the hearing of the jury.

A mere general objection shall not be sufficient to obtain appellate review of the

7

court's action relating to instructions to the jury except as to an instruction directing a verdict or the court's action in declining to do so.

*Jefferson v. Nero*, 225 Ark. 302, 307, 280 S.W.2d 884, 886–87 (1955), is instructive and

reflects the supreme court's opinion that

the failure to instruct on a question is not ground for reversal, where no request is made therefor. . . If appellant felt the word "negligently" should have been more specifically defined it was incumbent upon him to request such an instruction before he could complain on appeal.

In this case, the jury was properly instructed that Tran bore the burden to establish certain facts by clear and convincing evidence in order to be awarded punitive damages. Absent evidence to the contrary, there is a presumption that the jury has obeyed its instructions. *Pearson v. Henrickson*, 336 Ark. 12, 20, 983 S.W.2d 419, 424 (1999). The jury never sent a query to the trial court indicating any confusion about what this instruction meant or what the definition of "clear and convincing evidence" was.[4] In this particular case, we hold that the trial court abused its discretion in granting a new trial or remittitur of punitive damages. *See Ford Motor Co. v. Nuckolls*, 320 Ark. 15, 894 S.W.2d 897 (1995). Vo did not demonstrate that remittitur or new trial was warranted, and the basis improperly raised by the trial court on its own did not warrant a new trial or remittitur.

---

[4]The trial judge had instructed the jurors that they were "not required to set aside your common knowledge[.]" The jury had been instructed that the party with the burden of proof must establish it by a preponderance of the evidence "unless a different standard of proof is required by another instruction." With regard to punitive damages, the jury had been instructed that Tran bore the burden to prove entitlement to those damages "by clear and convincing evidence." The jury had been instructed, "[i]f any of you needs to communicate with me for any reason, write me a note and give it to the bailiff."

SLIP OPINION

Reversed.

WHITEAKER and VAUGHT, JJ., agree.

*Hancock Law Firm*, by: *Alex Burgos*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

One brief only.